CV 09 3059

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------<br>ERIC D. PIFKO on behalf of himself and<br>all others similarly situated and in his<br>individual capacity<br><br>                             Plaintiff,<br><br>         -against-<br><br>FIRST NATIONAL COLLECTION BUREAU, INC.<br><br>                             Defendant.<br>------------------------------------------------------- | FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y<br><br>★ JUL 16 2009 ★<br><br>LONG ISLAND OFFICE<br><br>CLASS ACTION<br>COMPLAINT<br><br>FEUERSTEIN, S<br>BOYLE, M. |

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1   This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2   Plaintiff, Eric D. Pifko, is a natural person residing in Nassau County, New York.

0.3   Upon information and belief, defendant First National Collection Bureau, Inc., is a corporation with its principal place of business in Reno, Nevada.

0.4   Upon information and belief, defendant is a collection agency which is engaged in the business of collecting debts as defined pursuant to 15 U.S.C. § 1692a(6).

## JURISDICTION

0.5   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1

1.1     Plaintiff realleges paragraphs 0.1 through 0.5 as if fully restated herein.

1.2     That a personal debt was allegedly incurred by the plaintiff purportedly to Main Street Acquisitions Corp. with the original creditor being HSBC Platinum Mastercard.

1.3     Upon information and belief, prior to the debt being sold to Main Street Acquisitions Corp., an initial collection agency attempted to collect the purported debt on behalf of HSBC.

1.4     Said letter is dated February 2, 2009.

1.5     Said letter sets forth an amount owed of $4,056.12.

1.6     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.7     Defendant sent a letter to the plaintiff dated March 25, 2009.

1.8     Plaintiff received said letter.

1.9     Said letter sets forth the amount owed as $4207.03.

1.10    Said letter sets forth that there is not interest and no other charges.

1.11    Said letter fails to set forth that the amount may increase due to interest or other charges.

1.12    Said letter implies and/or states explicitly that there is no interest or other charges.

1.13    On April 27, 2009 the defendant sent a second letter to the plaintiff.

1.14    Said letter sets forth the same account number as the letter defendant sent to the plaintiff dated March 25, 2009.

1.15    The said April 27, 2009 letter sets forth the amount of the debt as $6135.23.

1.16    Based upon the amount set forth in the March 25, 2009 letter, the amount set forth in the April 27, 2009 is a false representation of the amount of the debt.

1.17    Said letter presents the plaintiff with a settlement offer of 20% off the amount.

1.18    Said settlement offer is based upon the inflated amount of $6135.23 set forth in the April 27, 2009 letter.

1.19    Said letter sets forth a settlement offer of $4908.18.

1.20    Said settlement offer is not 20% of the amount of the purported debt as set forth in the March 25, 2009 letter.

1.21    The said March 25, 2009 letter is in violation of 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and 1692g.

1.22    The said April 27, 2009 letter is in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

1.23    Upon information and belief, Ms. Reynolds left voice messages on Plaintiff's answering machine on June 16, 2009 at 12:49 pm and on June 19, 2009 at 10:44am.

1.24    Each of said messages failed to disclose that the message was from a debt collector.

1.25    Each of said messages is in violation of 15 U.S.C. § 1692e(11) and 1692e(10).

1.26    This cause of action is brought on behalf of plaintiff and the members of a class.

1.27    The class consists of consumers who received the same form letter(s) as did the plaintiff.

1.28    The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about March 25, 2009 concerning a personal debt purportedly owed to Main Street Acquisitions Corp. with the original creditor being HSBC Platinum Mastercard; (b) the collection letter was sent to a consumer seeking payment of a consumer debt with the current creditor being ; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(2)(A), 1692e(10) and 1692g.

1.28    A sub-class A consists of those class members who received the form collection letter dated April 27, 2009 in violation of 15 U.S.C. § 1692e(2)(A) and 1692e(10).

3

1.29 A sub-class B consists of those class members who received the same form telephone voice messages (a) similar to the June 16, 2009 and June 19, 2009 messages described in the within Complaint; (b) the telephone voice messages were concerning a purported debt with the original debt being owed to HSBC Platinum Mastercard; (c) the telephone voice messages were in violation of 15 U.S.C. § 1692e(11) and 1692e(10).

1.30    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that collection letters and telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters and telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

4

1.31   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.32   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.33   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.34   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a)   Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the debt.

   (b)   Defendant violated 15 U.S.C. § 1692e(10) and by using false, deceptive and misleading means in connection with the collection of an alleged debt.

   (c)   Defendant violated 15 U.S.C. § 1692g by failing to set forth that the amount of the debt is subject to increasing.

   (d)   Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose that the messages were from a debt collector.

1.35   As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory damages to be determined at trial, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

2.1 Plaintiff realleges paragraphs 0.1 through 0.5 as if fully restated herein.

2.2 That a personal debt was allegedly incurred by the plaintiff purportedly to Main Street Acquisitions Corp. with the original creditor being HSBC Platinum Mastercard.

2.3 On or about June 24, 2009, Plaintiff placed a telephone call to the Defendnat and spoke with Ms. Reynolds.

2.4 During said conversation, Ms. Reynolds told Plaintiff that eight collection letters were sent in attempt to collect a said debt which she said was in the amount of $6, 199.25.

2.5 During said conversation, Plaintiff inquired of Ms. Reynolds as to whether said amount was the amount in each of the eight alleged letters, to which Ms. Reynolds replied to Plaintiff that indeed, said amount was the amount noted on each of the eight letters.

2.6 During said conversation, Ms. Reynolds told Plaintiff that each of the eight letters were dated on the following dates: March 23, 2009, March 24, 2009, April 2, 2009, April 3, 2009, May 1, 2009.

2.7 Ms. Reynolds told Plaintiff that on each of said dates one letter was sent with the exception of the dates May 1, 2009 and April 2, 2009 both of which were dates that two letters were sent.

2.8 The only letters Plaintiff received from Defendant were dated March 25, 2009 and April 27, 2009, neither of which were mentioned by Ms. Reynolds during the said conversation.

2.9 During said conversation, Ms. Reynolds proceeded to ask Plaintiff how he planned on handling the debt to which Plaintiff replied that he had contacted an attorney regarding Defendant's previous violations of the FDCPA.

6

2.10  Upon hearing the information of Plaintiff's initiative in seeking legal assistance, Ms. Reynolds expressed a reaction of being shocked and asked Plaintiff to hold on so she could confer with her Vice President, Elisio Souza.

2.11  Ms. Reynolds came back on the line and quoted Ms. Souza to have said something to the extent of: "no, problem, have your attorney contact us and we will have our attorney contact you".

2.12  Defendant falsely represented information by stating that eight letters were sent, when no such letters were sent.

2.13  Defendant falsely represented information by stating that the amount due has always been $6199.25, while the first letter sent to Plaintiff by Defendant noted the amount due as $4207.03 and the second letter noted the amount due as $6135.23.

2.14  Defendant's concession to having sent multiple letters inherently constitutes harassing behavior.

2.15  Defendant's statement that an attorney will contact Plaintiff with the explicit knowledge that Plaintiff has attained legal counsel is inherently illegal.

2.16  Plaintiff has suffered emotional distress damages over the fashion in which he was treated by the defendant.

2.17  Defendant's actions are in violation of the Fair Debt Collections Act 15 U.S.C. §§ 1692c(a)(2), 1692d(5), 1692e(5), 1692e(10), and 1692f(5).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)  Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)  For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
June 29, 2009

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)